**In re the MARRIAGE OF Walter R. PEN-NEY and Olga Penney.**

**Upon the Petition of Walter R. PENNEY, Appellee,**

**and Concerning Olga PENNEY, Appellant.**

**No. 55185.**

Supreme Court of Iowa.

Jan. 17, 1973.

O'Brien, Galvin & O'Brien, Sioux City, for appellant.

No appearance for appellee.

Heard before MOORE, C. J., and Le-GRAND, REES, UHLENHOPP and HARRIS, JJ.

LeGRAND, Justice.

This matter arises on a decree terminating the marriage of Walter R. Penney and Olga Penney under the dissolution of marriage act which became effective July 1, 1970, and which appears as chapter 598, The Code, 1971.

Respondent claims numerous errors in the award of child support, division of property, and allowance of attorney fees. However, in the view we take of the matter, it is necessary to consider only her complaint that the trial court entered its decree in direct violation of the conciliation provisions of 598.16, The Code. We agree and hold this error requires a reversal.

The particular problem facing us has not been heretofore considered. It deals with the interpretation of a statute imposing mandatory conciliation procedures upon those who seek to end their marriage relationship. The only exception permits a judicial waiver of this requirement upon a showing of good cause *if* neither party objects. For our purposes, we assume, but do not decide, there was a showing of good cause. We base our decision solely on respondent's objection to a waiver of conciliation. As we pointed out in the case of In Re Marriage of Boyd, 200 N.W.2d 845, 851 (Iowa 1972), we seem to be the only state having such a statute. It is unavailing, therefore, to look for help in the decisions of other jurisdictions. We must rely

solely on our own statute and arrive at the legislative intent from the language used and the purpose to be served. Cedar Memorial Park Cemetery Ass'n v. Personnel Associates, Inc., 178 N.W.2d 343, 347, 348, 350 (Iowa 1970).

We referred to section 598.16 in the case of In Re Marriage of Collins, 200 N.W.2d 886, 890, 891 (Iowa 1972), but there we found respondent had failed to raise the issue in the trial court. We held the matter could not be raised initially on appeal. That opinion does not help in our determination of the present controversy.

Section 598.16 provides in part as follows:

The court shall require such parties to undergo conciliation for a period of at least 90 days from the issuance of an order setting forth the conciliation procedure and the conciliator. Such conciliation procedures may include, but shall not be limited to, referrals to the domestic relations division of the court, if established, public or private marriage counselors, family service·agencies, community mental health centers, physicians and clergymen. Conciliation may be waived by the court upon a showing of good cause; provided, however, that it shall not be waived if either party * * objects."

It is clear the provisions of this statute are mandatory unless *neither* party objects to a waiver of its requirements.

No conciliation was ordered in this case, and in the decree the court waived conciliation. We hold this was impermissible under the statute in view of the facts shown by this record.

Respondent in her answer stated she "objects to the dissolution of the marriage and would like to make a legitimate attempt at reconciliation." Later at trial she showed a persistent and determined desire for an attempt at conciliation.

The record shows at least four instances during respondent's testimony where she expressed a desire that conciliation be tried, coupled with the opinion the marriage could still be salvaged.

Respondent's repeated references to, and suggestions for, conciliation together with the specific request for counselling in her answer, establish beyond question her objection to a waiver of the provisions of section 598.16.

The trial court apparently felt differently for the decree waived conciliation, based upon this finding of fact:

"* * * The petitioner, Walter R. Penney, has filed an application to waive [conciliation]. The parties herein, prior to the filing of any action herein, did consult Lutheran Welfare Services for Family Counseling, and the parties herein have not lived together as husband and wife since October of 1967. It would serve no useful purpose to require any further conciliation in this matter."

We hold this was a violation of the provisions of section 598.16 which we cannot affirm. This decision is reached with some misgivings since we believe there is considerable merit to the trial court's finding that conciliation will be fruitless. The parties have not lived together since 1967. Earlier attempts at counselling, prior to suit, signally failed. The differences between the parties are deep-seated and are unlikely to yield to conciliation at this late date. However, the statute denies us— and the trial court—the right to consider such circumstances.

We recognized this in the case of In Re the Marriage of Boyd, supra, where we said at page 851 of 200 N.W.2d:

"The opinion has been expressed that the legislative purpose of enacting such provision [for conciliation] was to foster viable marriage relationships annd minimize the problem of hasty divorces. * * * The legislative history of this statutory enactment supports this opinion. * * *

"It is this court's obligation to construe the statute [for conciliation] with the view of carrying out this obvious legislative purpose if fairly possible. State v. Hanna, 179 N.W.2d 503, 506–507 (Iowa 1970)."

The statutory language is clear and unambiguous. A party's right to conciliation is absolute. A waiver of conciliation is prohibited if *either* party objects. There is no exception to this requirement. We are powerless to provide one.

Since we conclude the trial court should have ordered conciliation under the provisions of section 598.16, we reverse and remand this case for further proceedings consistent with this opinion.

Reversed and remanded.