In re the MARRIAGE OF Nann M. RIED
and Wilbert R. Ried.

Upon the Petition of Nann M. RIED,
Appellee,
and concerning Wilbert R. RIED, Appellant.

No. 56060.

Supreme Court of Iowa.

Nov. 14, 1973.

Simon W. Rasche, Jr., Clinton, for appellant.

Shaff, Farwell & Senneff, Clinton, for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, LeGRAND and UHLENHOPP, JJ.

RAWLINGS, Justice.

Respondent Wilbert R. Ried, appeals from decree granting dissolution of marriage and attendant awards in action brought by petitioner, Nann M. Ried. We affirm.

January 4, 1971, petitioner initiated the instantly involved equitable proceedings. Subsequently respondent filed answer.

March 18, petitioner made formal application for waiver of conciliation.

March 19, trial court fixed March 25 as time for hearing on the aforesaid application. Both parties then appeared and the matter was heard, absent any apparent objection to such waiver by respondent. Furthermore, the record before us fails to reveal any report of proceedings or evidence adduced in course of that hearing.

March 30, trial court ordered a waiver of conciliation.

June 14, the case proceeded to trial on the merits.

June 18, the presiding judge entered an "opinion" setting forth findings of fact and conclusions of law by which dissolution of marriage, child custody and support, and property rights were determined. Visitation privileges on the part of father with children were also fixed.

The foregoing "opinion" was followed by entry of decree June 28, incorporating by reference the above noted opinion with additional provisions requiring respondent to carry hospital-health insurance for benefit of the children.

In summary, petitioner was awarded custody of four minor children; child support; the home in Camanche, subject to mortgage; and household goods. Petitioner was granted no alimony.

Propositions urged in support of a reversal are, trial court erred in (1) failing to "direct a verdict" for respondent because, absent waiver of conciliation by him the court had no jurisdiction of either person or subject matter; (2) failing to sustain respondent's motion for a "directed verdict on the pleadings" at close of petitioner's case; (3) failing to sustain respondent's directed verdict motion made after both parties had rested, based upon absence of adequate corroboration testimony on behalf of petitioner; and (4) granting petitioner an excessive property award and child support allowance.

In support of these assignments respondent's counsel cites no authority other than a few procedural rules and some isolated statutory provisions found in The Code 1971, Chapter 598. Stated otherwise, respondent's brief is of little aid in resolving the assignments set forth above.

■■ I. Our de novo review requires an examination of the entire record and a determination of rights anew on those propositions here properly presented, provided issue has been raised and error, if any, duly preserved in course of the trial proceedings. While weight is accorded

trial court's findings we are not bound thereby. See Iowa R.Civ.P. 344(f)(7); In Re Marriage of Jennerjohn, 203 N.W.2d 237, 240 (Iowa 1972).

■ II. First to be considered is respondent's contention to the effect trial court erred in granting petitioner's application for waiver of conciliation.

In that regard The Code 1971, Section 598.16, to the extent here relevant, provides: "Conciliation may be waived by the court upon a showing of good cause; provided, however, that it shall not be waived if either party or the attorney appointed pursuant to section 598.12 objects."

Although good cause for waiver of conciliation can never be presumed the record at hand reveals, as aforesaid, respondent neither formally objected to the requested waiver of conciliation, nor did he by pleading or in course of trial voice any such objection. Surely a mere allegation in respondent's answer to the effect the marriage has not failed, coupled with an expression of belief it can be preserved, may not be construed to constitute a statutorily qualified conciliation waiver objection. Thus In Re Marriage of Penney, 203 N.W.2d 380 (Iowa 1973) is readily distinguishable.

Consequently, respondent here asserts an issue not raised in trial court. And, since the instant contention is here initially presented it will not be entertained. See In Re Marriage of Jennerjohn, *supra*; In Re Marriage of Collins, 200 N.W.2d 886, 891 (Iowa 1972).

■ III. Did trial court erroneously refuse to "direct a verdict" for respondent based upon absence of reply by petitioner to claimed new matter and affirmative defense in respondent's answer?

Although respondent's trial court motion was phrased as aforesaid he here, in argument, alludes to judgment on the pleadings. See Iowa R.Civ.P. 222. The instantly involved motion will be so considered.

By her petition Mrs. Ried alleges, in part, the 12 year marriage has broken down, the legitimate objects of matrimony destroyed, and there is no reasonable likelihood the marriage can be preserved. See Code § 598.5(7).

To the extent here relevant Mr. Ried's answer contains nothing more than affirmatively asserted allegations to the contrary.

Briefly stated, respondent mistakenly takes the position his aforesaid answering allegations stand admitted by petitioner's failure to file a denying reply.

In the first place, facts stated in Mrs. Ried's petition contradict those set forth in Mr. Ried's answer, thus obviating any need for a reply. Stated otherwise, the issues were thereby joined. See Connell v. Hays, 255 Iowa 261, 271, 122 N.W.2d 341 (1963).

Furthermore, respondent's answer alleges no new matter or affirmative defense which called for any responsive pleading. See generally 61 Am.Jur.2d, Pleading, §§ 152–156; Black's Law Dictionary, "New Matter", page 1193, and "Affirmative Defense", page 82 (rev. 4th ed. 1968); Wiles v. Mullinax, 275 N.C. 473, 168 S.E.2d 366, 373 (1969).

Moreover, no evidence as to an affirmative defense, if any there be, and no new matter was adduced in course of trial.

The instant assignment is without merit.

IV. As aforesaid respondent also contends his close-of-trial motion for a directed verdict, predicated on absence of requisite corroboration, should have been sustained. We are not so persuaded.

■ As this court has aptly stated:

"In discussing the purpose of section 598.7 * * *, this court has said corroboration is required to prevent collusion between the parties. However, it is not necessary that plaintiff's testimony be substantiated in every detail or the corroboration alone sustain the decree. Moreover, the corroboration required

may be supplied by direct or circumstantial evidence, testimony of the other spouse, his or her elusiveness, or failure to deny that presented by plaintiff. Arnold v. Arnold, 257 Iowa 429, 435, 133 N.W.2d 53, 57; Erickson v. Erickson, 261 Iowa 264, 269, 154 N.W.2d 106, 110; Schantz v. Schantz, 163 N.W.2d 398, 403, (Iowa 1968); Garrison v. Garrison, 179 N.W.2d 466, 469, (Iowa 1970).

"We find no support for determining that the Second Session of the Sixty-third General Assembly had a different purpose for enacting section 598.10 other than that announced in these decisions.

"As stated, with elimination of the specific categories of fault grounds enumerated in section 598.8, The Code * * *, by the revision, the only basis for termination of the marriage under our present procedure is a breakdown of the relationship to the extent the legitimate objects of matrimony have been destroyed and there remains no reasonable likelihood the marriage can be preserved. Section 598.17, * * *.

"Since the purpose of corroboration is to prevent collusion in seeking dissolution of a marriage, the requirement of section 598.10 is met when the corroboration satisfies the court from all the evidence presented (1) there has actually been a breakdown of the relationship and (2) there remains no likelihood the marriage can be preserved." In Re Marriage of Boyd, 200 N.W.2d 845, 852–853 (Iowa 1972).

In the present case petitioner's irreparable breakdown of marriage evidence was amply corroborated by several disinterested witnesses.

Additionally, respondent's testimonial statements alone tend to strengthen and confirm petitioner's testimony which clearly discloses the legitimate objects of the involved marriage had been irreparably destroyed. Illustratively respondent voiced a doubt as to whether he was still in love with petitioner or that there existed any future in the marriage relationship.

All possibility of collusion was manifestly negated. See In Re Marriage of Boyd, *supra*. See also In Re Marriage of Collins, 200 N.W.2d at 890; McKim v. McKim, 6 Cal.3d 673, 100 Cal.Rptr. 140, 144–145, 493 P.2d 868, 872 (1972).

V. The question next posed is whether child support allowed and award of property to petitioner was justified under the circumstances. See Code § 598.21.

■ In approaching this matter we invoke the pre-marital and post-marital criteria set forth in Schantz v. Schantz, 163 N.W.2d 398 (Iowa 1968), absent any consideration of the "guilty party" or "fault" concept. See In Re Marriage of Cook, 205 N.W.2d 682, 684 (Iowa 1973); In Re Marriage of Harrington, 199 N.W.2d 351, 354 (Iowa 1972).

Petitioner and respondent were married October 25, 1958. The former was 30, the latter 35 when this case was tried.

Children born of the marriage are Mark V., Bart A., Laura J. and Sheila K., ages 11, 9, 8 and 7 respectively at time of trial.

Laura is afflicted with cerebral palsy, somewhat retarded and an invalid. Her leg braces, which cost about $600, must be periodically replaced. She also needs special medical care requiring an expenditure of $100–$120 each year.

As aforesaid, petitioner was granted custody of the children with an attendant allowance of $15 per week for three children and $25 for Laura, or a weekly total of $70.

The home in Camanche, awarded petitioner, valued at $28,000, was subject to a $14,000 encumbrance which Mrs. Ried is required to assume. Payments thereon are $120 each month, and taxes were $477.23 per year.

Respondent was granted multiple items of personalty, the value thereof not being shown.

Testimony adduced in course of trial reveals respondent is a licensed chiropractor, but quit the practice. As a laboratory technician he was then receiving a gross base monthly salary of $750, plus approximately $3400 overtime pay each year, or a total of at least $12,000 annually. He owns a 1968 Chevrolet. Petitioner's employment as a sales clerk nets her $65 per week. She owns a 1962 Mercury.

The record does not disclose the amount of property, if any, held by either party hereto at time of their marriage.

■ With reference to the award of house and furniture to petitioner, absent any alimony allowance, trial court observed:

"In making disposition of the house and furniture, the Court is not unmindful of the fact that it was largely due to the efforts of the Respondent that this piece of property came into existence, and feels that while the disposition of the house and furniture is entirely in favor of the Petitioner, and that in some respects this is unjust, such injustice should be compensated for in the determination of the amount of support to be paid upon the part of the Respondent."

Our de novo review of this case prompts us to dispositively agree with the foregoing observations.

We also now hold the child support allowance is well justified by the record.

■ VI. Petitioner's application for allowance of attorney's fee and his expenses attendant upon this appeal was ordered submitted with the case.

No useful purpose will be served by discussing the matter at length.

It is evident counsel for petitioner has devoted much time and was put to some expense in ably preparing for and defending against this appeal by respondent. For that he is justly entitled to be compensated.

On the other hand, the views expressed above regarding property awarded petitioner leads us to conclude an allowance upon her instant application would be inequitable. It is therefore denied. See generally Arnold v. Arnold, 258 Iowa 850, 859–860, 140 N.W.2d 874 (1966).

Costs on this appeal are, however, taxed to respondent.

Affirmed.