Norma Jeanne CONAWAY, Appellant,

v.

James D. CONAWAY, Appellee.

No. 56360.

Supreme Court of Iowa.

April 24, 1974.

Deitchler, Thomas, Lawse & Saunders, Fort Madison, for appellant.

Fehseke & Fehseke, Fort Madison, for appellee.

Heard before MOORE, C. J., and RAWLINGS, REES, HARRIS, and McCORMICK, JJ.

RAWLINGS, Justice.

On this appeal from a dissolution of marriage decree petitioner-wife challenges the property distribution, alimony and child support awards. We affrim in part, modify in part.

November 8, 1949, Norma Jeanne (petitioner) and James D. Conaway (respondent) were married.

The three children born to them are Diana, James and Joy, 23, 18 and 16 respectively at trial time. Diana was then married, James attending a university and Joy a high school student.

September 29, 1971, Norma Jeanne instituted this action. October 19, 1972, trial commenced.

November 21, 1972, a dissolution decree was entered.

Despite the issues noted above the only real question presented on this appeal is

whether trial court effected an equitable property distribution.

■■■ I. Our review is de novo. Iowa R.Civ.P. 334. Weight is accorded trial court's findings but they are not binding on us. Iowa R.Civ.P. 344(f)(7). See also In Re Marriage of Ried, 212 N.W.2d 391, 392–393 (Iowa 1973).

II. No useful purpose will be served by here setting forth other oft repeated governing principles. See In Re Marriage of Matson, 215 N.W.2d 358, 359 (Iowa 1974); In Re Marriage of Murray, 213 N.W.2d 657, 659 (Iowa 1973); In Re Marriage of Smith, 207 N.W.2d 548, 551 (Iowa 1973); In Re Marriage of Carney, 206 N.W.2d 107, 109 (Iowa 1973).

III. Since precedents are of little value it is essential we look now to the record.

When this 23 year marriage terminated petitioner was 44 and respondent 41.

Norma Jeanne had attended college for three years, majoring in sociology. She did not work outside the home until 1971, then accepted employment as a motel desk clerk, her gross pay being $67.20 or a net of $56.44 per week.

Petitioner is nervous, has spots on her lungs, and suffers from varicose veins so cannot stand for long periods. Her employment potential is accordingly limited.

Respondent had one year of college. At trial time he was a railroad fireman and had qualified as an engineer, but lacked the seniority essential to then attain that status. As a fireman he grossed $1,236.18 or a net of about $1000 each month. His prospects for an increase in compensation are favorable.

About one year after petitioner and respondent were married they began living, at no cost whatsoever, in the home of Norma Jeanne's aunt, Alice Hyde.

In 1956 petitioner inherited $2000 from her aunt Elizabeth.

Subsequently, petitioner received $6000 in government bonds from her aunt Alice, together with a deed to the Hyde home valued at $13,500.

From 1954 to 1957 respondent operated a tavern and gun shop. When faced with bankruptcy he was given $1000 by petitioner and an unknown sum by her aunt Alice.

Upon the death of Alice Hyde, in 1962, Norma Jeanne received an additional $28,180 and all of the aunt's household goods.

Thereafter the parties hereto made numerous investments with the money acquired by petitioner as aforesaid, and respondent's post-1957 earnings.

Upon dissolution of this marriage the parties hereto possessed assets of the total value shown: (1) by petitioner [home included] $38,695.43; (2) by respondent $12,728.13; (3) by both jointly $20,968.01. In addition petitioner had a paid up $1000 life insurance policy having a $500 cash value. Respondent held a like $25,000 policy with $750 cash value. Respondent also had, as best determinable, at least $1000 realized from the sale of Canadian property and some boats. These parties also possessed real estate located in Arkansas, valued at $500/$1000.

Their debts totaled $6,319.29, plus $3000 borrowed by Norma Jeanne from her mother after she and respondent had separated.

Norma Jeanne estimated expenses for herself and daughter Joy would total $530 each month.

Defendant figured his monthly cost of living at $617 plus a $73.90 payment on the Arkansas property.

Trial court awarded petitioner custody of two children and $25 per week support money for each child; property valued at $38,695.43, home and furnishings included; and $100 per month alimony.

Respondent was granted assets having a total value of $33,696.14, which included all of the aforesaid jointly owned property. Debts of $4675 were ordered paid by respondent, and $1,644.29 by petitioner plus the $3000 borrowed from her mother.

IV. As previously noted, Norma Jeanne here basically contends the property division effected by trial court is inequitable.

■ Briefly stated, (1) petitioner, in addition to performing services as a wife and mother, inherited property valued at approximately $50,000 during the instantly involved marriage period; (2) respondent received a gross salary, after 1962, of not more than $13,500 per year; (3) petitioner's post-decree annual income is limited to about $3500 gross earnings, plus $1200 alimony; (4) since petitioner is not well her earning potential is restricted; and (5) respondent is in good health with increased earnings in prospect.

In light of the foregoing we are persuaded there is merit in petitioner's aforesaid contention regarding the property division effected by trial court. See Schantz v. Schantz, 163 N.W.2d 398, 405–406 (Iowa 1968).

Therefore, on remand of this case trial court shall modify the instant decree in such manner as to effectively award petitioner, as her sole property, in addition to assets previously granted her, all United Funds-Science, Zenith Radio and Value Line shares of stock heretofore owned jointly by petitioner and respondent, together with any additions or increases thereto, dividends therefrom or replacements of any kind or nature since November 21, 1972. In effect petitioner is thus additionally awarded stock having a total value of $11,846.29 at trial time.

All other provisions of trial court's decree stand affirmed.

Respondent shall pay petitioner $750 to apply on her attorney fees and expenses in connection with this appeal, judgment to be accordingly entered by trial court. See In Re Marriage of Schroeder, 209 N.W.2d 24, 29 (Iowa 1973); In Re Marriage of Romig, 207 N.W.2d 780, 784 (Iowa 1973).

Costs on this appeal are taxed to respondent.

Affirmed in part, modified in part and remanded with directions.