In re the MARRIAGE OF Carol Anne SCHROEDER and Jerome Joseph Schroeder.

Upon the Petition of Carol Anne Schroeder, Appellee,

And Concerning

Jerome Joseph Schroeder, Appellant.

No. 85–737.

Supreme Court of Iowa.

Oct. 15, 1986.

Mary Schumacher of Roth & Schumacher, Dubuque, for appellant.

Robert Sudmeier of Fuerste, Carew, Coyle, Juergens & Sudmeier, P.C., Dubuque, for appellee.

Considered by HARRIS, P.J., and Mc-GIVERIN, LARSON, CARTER, and LA-VORATO, JJ.

HARRIS, Presiding Justice.

A statute in Iowa's dissolution of marriage law provides for mandatory conciliation upon the timely request of either party. Notwithstanding what we believe to have been an adequate and timely request by the respondent, no conciliation was provided in this case. Because of the failure we must order a partial remand with a direction that it be provided. It is unnecessary for us to consider respondent's other assignment which challenged the amount of alimony allowed by the trial court. This assignment was correctly rejected by the court of appeals and we did not grant further review on the issue.

The parties had been married twenty-three years when Carol filed for dissolution in 1984. Paragraph nineteen of her petition stated "the appointment of a conciliator pursuant to the provisions of [Iowa Code section] 598.16 would not preserve the marriage." Issue was joined on the contention. Jerome's answer stated he "denies each and all allegations listed in paragraph nineteen. It is felt by the [r]espondent that conciliation would preserve the marriage." And in the answer's prayer for relief Jerome stated "the respondent prays to the court to continue this action until conciliation has been experienced by both parties to try and preserve the bonds of matrimony."

Although the court did not act on Jerome's request it appears the parties undertook conciliation on a do-it-yourself basis. One month after the petition was filed Carol returned to live with Jerome in the family residence. They resided there together from approximately April 7, 1984 until the day of the trial court's final hearing, March 26, 1985.

Conciliation was again presented for the court's consideration in a dispute over Carol's trial certificate. Jerome filed a resistance to the trial certificate and asked for a continuance pending appointment of a conciliator. Carol filed a response reaffirming her belief that conciliation would not preserve the marriage. The trial court overruled Jerome's resistance without referring to his renewed request for a conciliator. Jerome then filed a motion to reconsider his application for conciliation but it was summarily overruled and the case proceeded to trial.

I. The language of the statute is straightforward. Conciliation is mandatory if requested in the petition or responsive pleading but is discretionary if sought later. The statute provides in pertinent part:

> Upon the application of the petitioner in the petition or by the respondent in the responsive pleading thereto or, within twenty days of appointment, of an attorney under section 598.12, the court shall require the parties to participate in conciliation efforts for a period of sixty days from the issuance of an order setting forth the conciliation procedure and the conciliator.

> At any time upon its own motion or upon the application of a party the court may require the parties to participate in conciliation efforts for sixty days or less following the issuance of such an order.

Iowa Code § 598.16 (emphasis added).

Carol first defends the trial court's refusal to order conciliation by asserting Jerome's demand was not sufficient. She contends it should have been in a separate filing rather than included as a part of Jerome's answer. We think the demand was sufficient. The statute expressly implements the mandatory requirement upon the request of a respondent "in the responsive pleading."

There is no doubt about the mandatory nature of the statute. The word "shall" generally imposes a duty. Iowa Code § 4.1(36)(a) (1985). Accordingly the use of the word "shall" generally excludes the grant of discretion. *Hansen v. Hender-*

*son,* 244 Iowa 650, 655, 56 N.W.2d 59, 67 (1952).

II. We are not blind to the fact that the conciliation requirement is not universally popular. The parties have now been separated for eighteen months and Carol contends it is idle to impose upon her a painful confrontation which she is determined to see fail.

On the other hand the mandate could scarcely be more clear. The legislature has determined that the public has a stake in the stability of families and a clear right to retard their hasty disintegration. In enacting section 598.16 the legislature's intent was to "foster viable marriage relationships" and "minimize the problem of hasty divorces." *See In re Marriage of Penney,* 203 N.W.2d 380, 381 (Iowa 1973); *In re Marriage of Boyd,* 200 N.W.2d 845, 851 (Iowa 1972); Peters, J., *Iowa Reform of Marriage Termination,* 20 Drake L.Rev. 211, 219 (1971).

■ The sense of futility over the likelihood of success should not inhibit anyone so inclined from invoking the statutory right to conciliation. It is contended that there is no practical way to enforce the demand because an interlocutory appeal is too expensive and too time consuming. This pessimism is unwarranted because a prompt remedy is available. Anyone refused a request for conciliation should file an application for permission to bring an appeal in advance of final judgment under rule of appellate procedure 2 and couple it with a request for summary reversal under rule of appellate procedure 23(c). This procedure provides a ready method for the prompt securing of the conciliation prescribed by the statute.

III. The trial court's error in failing to order conciliation requires a reversal. All other aspects of the case should be affirmed.

■ It is ordered that the case be remanded to district court with direction to order conciliation as provided by section 598.16 and to assess the costs therefor. Upon completion of conciliation the trial court shall make a finding on whether conciliation has proved successful. If it has the dissolution decree is to be set aside. If conciliation is found to be unsuccessful the trial court's decree of dissolution shall stand affirmed.

DECISION OF COURT OF APPEALS VACATED AND JUDGMENT OF DISTRICT COURT AFFIRMED IN PART, REVERSED IN PART AND REMANDED.