# IN THE COURT OF APPEALS OF IOWA

No. 18-1605
Filed September 11, 2019

IN RE THE MARRIAGE OF JOYCE CAROL GRIFFITH
AND SCOTT REID GRIFFITH

Upon the Petition of
JOYCE CAROL GRIFFITH,
          Petitioner-Appellee,

And Concerning
SCOTT REID GRIFFITH,
          Respondent-Appellant.

_____


          Appeal from the Iowa District Court for Emmet County, Don E. Courtney,

Judge.


          Scott Griffith appeals from the decree dissolving his marriage to Joyce

Griffith. **AFFIRMED.**



          Michael H. Johnson of Johnson Law Firm, Spirit Lake, for appellant.

          Matthew T.E. Early of Fitzgibbons Law Firm, L.L.C., Estherville, for

appellee.



          Considered by Mullins, P.J., and Bower and May, JJ.

**BOWER, Judge.**

Scott Griffith appeals from the decree dissolving his marriage to Joyce Griffith. Scott argues the district court erred in failing to order continued conciliation efforts, in finding Joyce was capable of establishing the breakdown of the marriage, and in refusing to grant Scott's motion to compel discovery of mental health records. We affirm.

Scott and Joyce were married on July 6, 1979. On May 25, 2017, Joyce filed a dissolution petition. On July 5, Scott filed an answer denying there had been a breakdown of the marriage relationship and prayed the court dismiss the petition and order conciliation. Trial was scheduled for December 5.

On November 17, counsel for Scott filed a motion to continue the trial and order conciliation, noting Joyce had refused to voluntarily participate in conciliation. Joyce resisted. Following a hearing, the court ordered conciliation and continued the trial.

On February 8, 2018, Scott filed a motion to enforce court-ordered conciliation. Joyce responded, noting she had attended one meeting and the conciliator had indicated she need not attend further conciliation sessions as they would be futile. Later, Joyce filed an affidavit from Tina Friesner, Joyce's daughter, who opined further conciliation or counseling sessions were not in Joyce's best interest: "My mother suffers from dementia and has indicated to me that she never wants to see Scott Griffith again and is in fear of him. She gets very tearful and upset when we discuss the possibility of continued counseling sessions with her husband." Also filed was a letter from the person selected by Scott to be the conciliator, Chelsi Jahn, who wrote she met with Joyce on December 28, 2017,

and Joyce stated "she wishes to get divorced and she has felt this way for a long time" and she no longer wanted to attend sessions.

On March 1, Scott filed a motion to compel discovery of Joyce's medical records for the past five years. Joyce resisted, asserting the motion was technically deficient and without merit.

The district court denied the motions to compel further conciliation and to compel discovery.

Trial was held on March 20. Scott asked that the court find Joyce was not competent to request dissolution due to dementia. Joyce and Scott both testified. Joyce stated she wanted a dissolution of the marriage and there had been a breakdown of the marriage. Scott testified it was not Joyce's desire but the dementia speaking. The court accepted Joyce's testimony as credible and found there had been a "breakdown of the marriage relationship to the extent that the legitimate objects of matrimony have been destroyed, and that there remains no reasonable likelihood that the marriage can be preserved." A decree of dissolution was entered, incorporating the parties' stipulated property division. Scott appeals.

We review dissolution proceedings de novo. *In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013). Nonetheless, we give weight to the findings of the trial court, particularly with respect to credibility determinations. Iowa R. App. P. 6.904(3)(g).

Scott first contends the court erred in failing to order continued conciliation efforts. Because an initial order of conciliation had already been entered, we look to Iowa Code section 598.16(3) (2018), which states, "At any time upon its own motion or upon the application of a party the court *may* require the parties to

participate in conciliation efforts for sixty days *or less* following the issue of such an order." The emphasized language indicates the district court has discretion in conciliation matters following the initial order of conciliation.[1] Conciliation efforts were ordered. Joyce attended one session and decided she did not wish to proceed with further efforts. We find no abuse of discretion in the district court's order denying Scott's motion to compel further conciliation.

Next, we turn to Scott's claim the court erred in denying his motion to compel discovery of Joyce's medical records. "Discovery decisions are typically reviewed for [an] abuse of discretion." *Ashenfelter v. Mulligan*, 792 N.W.2d 665, 668 (Iowa 2010). "Mental health and medical records are protected by a constitutional right to privacy." *Id.* at 672. We find no abuse of discretion in the court's denial of Scott's motion to compel discovery of Joyce's medical records. *See id.* ("This is a civil case. Iowa Rule of Civil Procedure 1.503 prohibits discovery of privileged materials. Therefore, because the medical records are privileged materials under section 622.10, they are not discoverable under rule 1.503."); *see also In re Marriage of Mulligan*, No. 10-1752, 2011 WL 2420005, at *6 (Iowa Ct. App. June 15, 2011) (noting the only type of civil case *Ashenfelter* may have left open the ability to order disclosure of medical and mental health records for is a child-in-need-of-assistance action).

---

[1] Pursuant to subsection 2—until July 1, 2019—a conciliation order was mandatory when requested by either party during a specific timeframe. Iowa Code § 598.16(2); *see In re Marriage of Schroeder*, 393 N.W.2d 808, 809 (Iowa 1986) (statutory language—"court shall require parties to participate"—imposes a duty). However, Iowa Code section 598.16(2) recently has been amended: "The court *may* on its own motion or upon the motion of a party require the parties to participate in conciliation efforts for a period of sixty days or less following the issuance of an order setting forth the conciliation procedure and the conciliator." 2019 Iowa Acts, ch. 63 §1 (codified at Iowa Code § 698.16(2)) (effective July 1, 2019) (emphasis added).

Upon our de novo review, we find Joyce has established the necessary breakdown of the marital relationship. We affirm the entry of the decree dissolving the parties' marriage.

Joyce requests an award of appellate attorney fees. "Appellate attorney fees are not a matter of right, but rather rest in this court's discretion." *In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005). We consider "the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal." *Id.* (citation omitted). Joyce's request for attorney fees is denied.

**AFFIRMED.**